UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. _____

VM SOUTH BEACH, LLC, a
a New York limited liability company,

    Plaintiff,

v.

CASA CASUARINA, LLC, a Delaware
limited liability company, and PETER T.
LOFTIN, an individual,

    Defendants.

**COMPLAINT**

    Plaintiff, VM SOUTH BEACH, LLC ("**Lender**"), a New York limited liability company, sues Defendants, CASA CASUARINA, LLC, a Delaware limited liability company ("**Borrower**"), and PETER T. LOFTIN, an individual ("**Loftin**"), and states:

**PRELIMINARY ALLEGATIONS**

    1.    This is an action to foreclosure a mortgage on real and personal property located in Miami-Dade County, Florida and to recover on a personal recourse liability agreement.

    2.    The Court has subject matter jurisdiction pursuant to 28 U.S.C. §1332(a)(1). There is complete diversity and the matters in controversy, exclusive of interest, costs and attorneys' fees, exceed the sum of $75,000.

    3.    Plaintiff is a New York limited liability company whose members reside in New York.

    4.    Defendant Borrower is a Delaware limited liability company whose members reside in North Carolina and/or Miami.

MIA 182,295,175v1 12-18-11

Greenberg Traurig, P.A. | Attorneys at Law | 333 Avenue of the Americas | Suite 4400 | Miami, FL 33131-3238 | Tel 305.579.0500 | Fax 305.579.0717 | www.gtlaw.com

CASE NO. _____

5.  Defendant Loftin is a resident of North Carolina and/or Florida.

6.  Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(a)(1) and (2) because, among other reasons, the property that is the subject of this action is located in Miami-Dade County, Florida.

7.  All conditions precedent to bringing this action, if any, have occurred or have been excused or waived.

8.  Lender has retained the law firm of Greenberg Traurig, P.A. to assert its rights through this action, and has agreed to pay them a reasonable fee for those services.

## GENERAL ALLEGATIONS COMMON TO ALL COUNTS

9.  On or about November 30, 2000, Borrower and Loftin obtained a loan from Bank of America, N.A., in the principal amount of $14 million (the **"Underlying Note"**), which was secured by a Mortgage and Security Agreement dated November 30, 2000 and recorded in Official Records Book 19390 at Page 1788 of the Public Records of Miami-Dade County, Florida (**"Underlying Mortgage"**), which mortgage was assigned to Bank of America Strategic Solutions, Inc, as recorded in Official Records Book 21097 at Page 4623 of the Public Records of Miami-Dade County, Florida.

10. WESTLB AG, a German joint stock company, acting through its New York Branch (**"WestLB"**) acquired the Underlying Note, Underlying Mortgage and other loan documents by virtue of that certain Assignment of Note, Mortgage, Security Agreement and Other Loan Documents dated as of December 22, 2006 and recorded in Official Records Book 25281 at Page 4655 of the Public Records of Miami-Dade County, Florida.

11. In connection with WestLB's acquisition of the Underlying Note, Underlying Mortgage and other loan documents from Bank of America Strategic Solutions, Inc., on or about

MIA 182,295,175v1 12-18-11

2

Greenberg Traurig, P.A. | Attorneys at Law | 333 Avenue of the Americas | Suite 4400 | Miami, FL 33131-3238 | Tel 305.579.0500 | Fax 305.579.0717 | www.gtlaw.com

CASE NO. _____

December 22, 2006, Borrower and WestLB entered into a Loan Agreement (**"Loan Agreement"**) which, among other things, increased the amount of the loan to Borrower to the principal amount of TWENTY-FIVE MILLION DOLLARS and 00/100 ($25 million) (the **"Loan"**). A true and correct copy of the Loan Agreement is attached hereto as **Exhibit "A."**

12.   The Loan was evidenced, among other things, by that certain Amended and Restated Promissory Note dated December 21, 2006 given by Borrower to WestLB in the principal amount of the Loan.(the **"Note"**). A true and correct copy of the Note, together with its Allonge referenced below, is attached hereto as **Exhibit "B."**

13.   The Note was secured by the following instruments, among others:

(i)   Amended and Restated Mortgage and Security Agreement between Borrower, as Mortgagor, and WestLB, as Mortgagee, dated as of December 22, 2006 and recorded on January 17, 2007 in Official Records Book 25281 at Page 4604 of the Public Records of Miami-Dade County, Florida (the **"Mortgage"**) on the property described in the Mortgage (the **"Property"**). A true and correct copy of the Mortgage is attached hereto as **Exhibit "C."**

(ii)   Pledge and Security Agreement dated as of December 22, 2006 made by Borrower in favor of WestLB ( the **"Pledge Agreement"**). A true and correct copy of the Pledge Agreement is attached hereto as **Exhibit "D."**

(iii)   UCC-1 Financing Statement recorded on January 17, 2007 in Official Records Book 25281 at Page 4669 of the Public Records of Miami-Dade County, Florida, and recorded with the Secretary of State of Delaware on January 3, 2007 bearing Filing No. 20070020122 (the **"Financing Statements"**). True and correct copies of the Financing Statements are attached hereto as **Composite Exhibit "E."**

CASE NO. _____

(iv)   The Loan Agreement, Note, Mortgage, Pledge Agreement and Financing Statements may sometimes hereafter be referred to as the **"Loan Documents."**

14.   On or about December 19, 2011, the Note, Mortgage and other Loan Documents were assigned and transferred by WestLB to Lender, VM South Beach, LLC by, among other things, that certain Assignment of Mortgage dated as of December 16, 2011 and recorded on December 21, 2011 in Official Records Book 27937 at Page 41 of the Public Records of Miami-Dade County, Florida, as well as the Allonge to the Note, which is part of Exhibit "B" hereto. A true and correct copy of the Assignment of Mortgage is attached hereto as **Exhibit "F."**

15.   Borrower defaulted under the Note, Mortgage and other Loan Documents by failing to make the payment that was due on January 3, 2011 or any payments hereafter.

16.   By letters dated January 13, 2011 and August 8, 2011, among others, Borrower was advised that it was in default by its failure to make the mortgage payment that was due on January 1, 2011, and that the entire amount of the loan was due and owing. True and correct copies of the January 13th and August 8th letters are attached hereto as **Composite Exhibit "G."** In addition, by this Complaint, Lender hereby accelerates all amounts due under the Note, Mortgage and other Loan Documents.

## COUNT I
### (Action to Foreclose Mortgage)

Lender re-alleges and incorporates by reference paragraphs 1-16 above, and further states:

17.   Lender owns and holds the Note, Mortgage and other Loan Documents.

18.   Borrower owes Lender the principal sum of $25 million, together with interest, default interest, and costs and attorneys' fees pursuant to the Note and other Loan Documents.

19.   The real estate and tangible personal property, included within the definition of the term Property, is now owned by Borrower, who holds possession.

MIA 182,295,175v1 12-18-11                               4

Greenberg Traurig, P.A. | Attorneys at Law | 333 Avenue of the Americas | Suite 4400 | Miami, FL 33131-3238 | Tel 305.579.0500 | Fax 305.579.0717 | www.gtlaw.com

CASE NO. _____

WHEREFORE, Lender demands judgment foreclosing the lien of the Mortgage on the real property, fixtures, and appurtenances thereto, together with foreclosure of its security interests as set forth in Count II, declaring that all other liens against the Property are inferior to that of Lender, awarding Lender its costs and attorneys' fees pursuant to the Loan Documents, and Lender requests that the Court grant it such other and further relief as the Court deems just and proper.

## COUNT II
### (Action to Foreclose Security Interests)

Lender re-alleges and incorporates by reference paragraphs 1-19 above, and further states:

20. The Mortgage, by its terms, constitutes a security agreement pursuant to Article 9 of the Uniform Commercial Code.

21. WestLB filed with Miami-Dade County and the State of Florida Financing Statements to perfect its security interests in the Property.

22. Based upon the defaults of Borrower, Lender is entitled to foreclose its security interests in the Property.

23. The personal property described in the Financing Statements is now owned by Borrower, who holds possession of the tangible personal property, and holds or has an interest in the intangible personal property.

24. Pursuant to the Mortgage, and pursuant to Article 9 of the Uniform Commercial Code, Lender has a perfected security interest in all tangible personal property, and holds or has an interest in the intangible personal property.

25. As a result of Borrower's defaults, Lender also has a right to foreclose its security interests under the Pledge Agreement.

CASE NO. _____

WHEREFORE, Lender demands judgment foreclosing its security interests under the Mortgage and Pledge Agreement, together with foreclosure of the Mortgage pursuant to Count I above, declaring that all other liens against the Property are inferior to that of Lender, awarding Lender its costs and attorneys' fees pursuant to the Loan Documents, and requests that the Court grant it such other and further relief as the Court deems just and proper.

### COUNT III
### (Action for Assignment of Rents)

Lender re-alleges and incorporates by reference paragraphs 1-19 above, and further states:

26. Pursuant to the Mortgage, Borrower assigned to Lender all of Borrower's right, title and interest in and to all present and future leases, rents, issues, profits, revenues and proceeds of the Property.

27. Based on the defaults of Borrower under the Note, Mortgage and Loan Documents as described above, and pursuant to Fla. Stat. §697.07, Lender is entitled to an assignment of all revenues from the Property.

28. Lender requests that the Court order that all revenues from the Property be deposited in the registry of the Court, and that Borrower be required to provide an accounting of all revenues received from the Property.

WHEREFORE, Lender requests that this Court enter an Order requiring that all revenues from the Property be deposited in the registry of the Court, and that Borrower be required to provide an accounting of all revenues received from the Property, and requests that the Court grant such other and further relief as the Court deems just and proper.

MIA 182,295,175v1 12-18-11                                      6

Greenberg Traurig, P.A. | Attorneys at Law | 333 Avenue of the Americas | Suite 4400 | Miami, FL 33131-3238 | Tel 305.579.0500 | Fax 305.579.0717 | www.gtlaw.com

CASE NO. _____

## COUNT IV
### (Action on Loftin Recourse Liability Agreement)

Lender re-alleges and incorporates by reference paragraphs 1-19 above, and further states:

29. In connection with the Loan Documents, on or about December 22, 2006, Peter Loftin executed a Recourse Liability Agreement ("Recourse Agreement") in which he guaranteed to Lender payment of all sums due pursuant to the Recourse Liability Events as defined in Section 1 of the Recourse Agreement. A true and correct copy of the Recourse Agreement is attached hereto as **Exhibit "H"**. The Recourse Agreement was assigned to Lender as part of the assignment of the Loan Documents.

30. Lender owns and hold the Recourse Agreement.

31. Loftin defaulted on the Recourse Agreement by, among other things, failing to pay the real estate and other taxes when due, which is a Recourse Liability Event pursuant to Section 1 (c) of the Recourse Agreement, and by transferring an interest in the Borrower without authorization in violation of Section 1(h) of the Recourse Agreement.

32. By letter dated February 8, 2011, among others, Loftin was given notice of his defaults under the Recourse Agreement. A true and correct copy of the February 8, 2011 letter is attached hereto as **Exhibit "I."**

33. As a result of Loftin's continuing defaults, Lender has suffered damages.

WHEREFORE, Lender demands judgment against Loftin for damages, plus interest, costs, and such other and further relief as the Court deems just and proper.

Dated: December 23, 2011

Respectfully submitted,

GREENBERG TRAURIG, P.A.
*Attorneys for Plaintiff*
333 Avenue of the Americas

MIA 182,295,175v1 12-18-11                    7

Greenberg Traurig, P.A. | Attorneys at Law | 333 Avenue of the Americas | Suite 4400 | Miami, FL 33131-3238 | Tel 305.579.0500 | Fax 305.579.0717 | www.gtlaw.com

CASE NO. _____

Miami, Florida 33131
Telephone: (305) 579-0519
Facsimile: (305) 579-0717
Email: rosengarten@gtlaw.com


By: /s Ronald M. Rosengarten
    RONALD M. ROSENGARTEN
    Florida Bar No. 387540
    rosengartenr@gtlaw.com

MIA 182,295,175v1 12-18-11

8

Greenberg Traurig, P.A. | Attorneys at Law | 333 Avenue of the Americas | Suite 4400 | Miami, FL 33131-3238 | Tel 305.579.0500 | Fax 305.579.0717 | www.gtlaw.com